FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ DEC 11 2008 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------

CORONA REALTY HOLDING, LLC,

CV08 08 Civ. 4997

Plaintiff,

**COMPLAINT**

-against-

***JURY TRIAL DEMANDED***

TOWN OF NORTH HEMPSTEAD; JON KAIMAN;
THOMAS DWYER; ANTHONY D'URSO;
WAYNE WINK, JR.; ROBERT TROIANO, JR.;
THE CIVIC ASSOCIATION AT ROSLYN COUNTRY
CLUB, INC.; JAMES BRANDT; BURTON ROSLYN;
ROSLYN CONSULTANTS, LLC; SY BUCKNER;
ROBERT ROTHSTEIN; and ANDREW ROTHSTEIN,

SEYBERT,
TOMLINSON, M.J.

Defendants.

-------------------------------------------------------------x

Plaintiff, by its attorneys, Jaroslawicz & Jaros, LLC, complaining of the defendants alleges as follows:

## THE PARTIES

1.    At all times hereinafter mentioned, the plaintiff is a limited liability company, duly organized and existing under and by virtue of the laws of the State of New York.

2.    At all times hereinafter mentioned, the managing member of the plaintiff is Manouchehr Malekan, who is of Iranian descent.

3.    At all times hereinafter mentioned, the plaintiff owned the Roslyn Country Club located in Roslyn Heights, Nassau County, New York.

4. At all times hereinafter mentioned, the defendant Town of North Hempstead (the "Town") is a municipality in Nassau County, duly organized and existing under and by virtue of the laws of the State of New York.

5. At all times hereinafter mentioned, the defendant John Kaiman ("Kaiman") was the supervisor of the Town.

6. At all times hereinafter mentioned, the defendant Thomas Dwyer ("Dwyer") was a Town Councilman of the Town.

7. At all times hereinafter mentioned, the defendant Anthony D'Urso ("D'Urso")was a member of the Town Board of the Town.

8. At all times hereinafter mentioned, the defendant Wayne Wink, Jr. ("Wink") was a member of the Town Board of the Town.

9. At all times hereinafter mentioned, the defendant Robert Troiano, Jr. ("Troiano") was a member of the Town Board of the Town.

10. At all times hereinafter mentioned, the defendant The Civic Association at Roslyn Country Club, Inc. ("CARCC") was a corporation, duly organized and existing under and by virtue of the laws of the State of New York.

11. At all times hereinafter mentioned, the defendant James Brandt ("Brandt") is a member of the board of directors of the CARCC.

12. At all times hereinafter mentioned, the defendant Brandt was in charge of legal matters for the CARCC

2

13.   At all times hereinafter mentioned, the defendant Burton Roslyn ("Roslyn") was co-president of the CARCC and actively involved in attempting to deprive the plaintiff of its property.

14.   At all times hereinafter mentioned, the defendant Roslyn held himself out as an architect.

15.   At all times hereinafter mentioned, the defendant Roslyn Consultants, LLC was a limited liability company, duly organized and existing under and by virtue of the laws of the State of New York.

16.   At all times hereinafter mentioned, the defendant Roslyn owned, operated and maintained Roslyn Consultants, LLC.

17.   At all times hereinafter mentioned, the defendant Sy Buckner ("Buckner") was a senior member of the board of the CARCC.

18.   At all times hereinafter mentioned, the defendant Robert Rothstein was a member of the board of the CARCC.

19.   At times hereinafter mentioned, the defendant Andrew Rothstein held himself out as an attorney, duly licensed to practice law in the State of New York.

20.   At all times hereinafter mentioned, the defendant Andrew Rothstein was president of the board of the CARCC.

3

21. At all times hereinafter mentioned, the defendant Andrew Rothstein held his home at 24 Clover Lane, Roslyn Heights, New York 11577 out as the headquarters and address for the CARCC.

## *JURISDICTION AND VENUE*

22. That this Court has jurisdiction over the parties pursuant to 28 U.S.C. 1331 and 1343, and the rules of pendant jurisdiction, since this is a claim involving a violation of 42 U.S.C. 1982, 1983, 1985, 1986 and 1988.

23. Venue is properly placed in the United States District Court for the Eastern District of New York since the plaintiff does business here, the defendants are located here, the witnesses are located here, and this is the most convenient place for the trial of this action.

## *THE UNDERLYING FACTS*

24. The original development in Roslyn Heights was built many years ago and consists of approximately six hundred eighty-eight homes.

25. Some of these homeowners, among whom are the defendants Brandt, Roslyn, Buckner and the Rothstein defendants (hereinafter referred to as the "Roslyn homeowners") purchased homes within the Roslyn development.

26. Many years ago a country club was built within the Roslyn development, known as the Roslyn Country Club ("RCC").

27. At some point, numerous of the defendant Roslyn homeowners formed what became known as The Civic Association at Roslyn Country Club, Inc. ("CARCC").

4

28.    Some time in 2002, the plaintiff purchased the Roslyn Country Club.

29.    The RCC consists of approximately ten acres.

30.    Part of the country club consists of swimming pools, tennis courts, and related facilities frequently found on a country club.

31.    The ownership of the country club is by the plaintiff.

32.    The defendants Roslyn and Roslyn Consultants had a direct personal conflict of interest in seeking to develop the plaintiff's property for either themselves or a third party who did not own the property.

33.    The defendant Roslyn homeowners, together with certain officials of the Town of North Hempstead, who are defendants in this action, in order to benefit themselves, the Town and to deprive the plaintiff of its property without paying fair value, hit upon the scheme of seeking to landmark the country club, although there was no legitimate reason for doing so.

34.    One of the former presidents of the CARCC admitted that the purpose of seeking to landmark plaintiff's property was to harass the current owner and use the landmark application as bargaining leverage during negotiations with the current owner.

35.    These defendants had actual knowledge that in 1992 the Town's Landmark Commission had unanimously denied an application to landmark the country club, other than the clubhouse.

36.    In 1996, the Town determined that the country club's clubhouse alone could not and should not be landmarked.

37.   In 2000, the town ignored the previous two decisions and landmarked the clubhouse and surrounding areas.

38.   The Appellate Division, Second Department found that the Town's decision had been arbitrary and capricious and set aside the landmark designation; see, *L.S.O.F. Cynwyd, L.P. v. Town of N. Hempstead*, 298 A.D.2d 520, 521, 748, N.Y.S.2d 516, 516 (2d Dept).

39.   In 2004, the Town, including the defendant Kaiman, the Town Supervisor, and other defendants who were Town members, for political reasons and/or to benefit the Town and the Roslyn homeowners in seeking to obtain plaintiff's property without paying fair value for it, began a new campaign, together with the aid of the homeowners association to deprive the plaintiff of its property by seeking to landmark it once again, despite the appellate court decisions.

40.   In direct violation of their obligations, some of the defendants, to wit, Kaiman and Dwyer had sent a letter dated February 25, 2004 to the six hundred eighty-eight homeowners at Roslyn Estates, and perhaps others, soliciting their opinion as to whether or not the property should be landmarked (Exhibit A).

41.   On March 9, 2004, the Town and the defendants Town Supervisor and Town board, at the urging and with the aid of the other defendants, ignored the directive of the Appellate Division decision setting aside the prior landmark designation and, without any new facts or arguments, once again landmarked plaintiff's property; in fact, the landmark

applications which had been filed appeared to be carbon copies of each other with no new facts at all.

42.     To make it clear that this was politically motivated, the defendant Kaiman disclosed the results of his straw poll which he and Dwyer solicited by letter of February 25, 2004 (exhibit A).

43.     At that time, a Roslyn homeowner pointed out to Kaiman and Dwyer that they had been elected to make decisions, not to run polls or to spend taxpayers' money to obtain cover for their vote.

44.     Plaintiff requested that Kaiman and Dwyer recuse themselves because of the poll which they had conducted, they refused to do so.

45.     The Town, together with Kaiman and Dwyer never provided plaintiff with the letters they had received as a result of the February 25, 2004 letter until well after the Town Board had once again approved landmarking the country club owned by the plaintiff.

46.     Concurrently the CARCC, together with several active member such as the defendants in this case, were litigating with the owner of the property to try to limit the amount of dues which they should pay to use the country club during the summer months and to attempt to force the plaintiff to sell or turn over the country club to the Town and/or the homeowners without being paid fair value.

47.     The defendant CARCC and homeowners and their counsel continued to litigate that issue despite a clear decision by the Appellate Division – *Civic Association at Roslyn*

*Country Club, Inc. v. Levitt and Sons Incorporated*, 192 A.D.2d 500; 596 N.Y.S.2d 85 (2d Dept. 1993) (Exhibit B) – which clearly stated that the owner of the property was entitled to charge dues for use of the club which were adequate to cover taxes, maintenance, operating expenses, rent, employees' salaries and a fair profit to the owner and operator of the club.

48.    Once again the Appellate Division issued a decision on August 1, 2006, *In the Matter of Corona Realty Holdings, LLC v. Town of North Hempstead*, 32 A.D.3d 393, 820 N.Y.S.2d 102 (2d Dept. 2006) (Exhibit C), making it clear that the most recent landmarking of the property was highly improper and noted that this was the fifth application to landmark plaintiff's property, all of which had been rejected.

49.    During the attempt to landmark the property, Abraham Luttinger, the named applicant for the landmarking and former president of the CARCC, stated under oath:

> The [Civic Association's] principal purpose in filing the . . . application was to harass Corona and use the application as bargaining leverage during negotiations with Corona.

50.    Seymour Walzer, a former Board member of the CARCC and chairman of its legal committee, testified that this application was filed to:

> . . . provide leverage against the owner in negotiations....The prevailing view of the [Civic Association] . . . is that the designation of the premises as a ladnmark will result in a substantially lower value to be paid by the Town in the condemnation proceedings and the inability to operate the Club will cause Corona to sell the Club to the Town at a much lower cost thereby reducing the annual taxes needed to be paid by the homeowners in the new contemplated park district.

51.    Plaintiff has an absolute constitutional right to its property.

8

52.     There is an absolute federal interest in protecting individual citizens, as well as corporate citizens, from official action that is arbitrary, irrational, or intended to deprive someone of its property.

53.     The equal protection clause provides that government, including the Town of North Hempstead, and persons acting in conspiracy with it, the CARCC and various homeowners, may not treat some citizens differently than others.

54.     The United States Supreme Court has recognized that there can be a class of one where that individual or entity is being irrationally singled out, there is no basis for the treatment, and the government's power is being abused, in this case, together with the CARCC, and individual defendants.

55.     In our case, the Town and other defendants persistently attempted to landmark the plaintiff's property, not because the plaintiff's property was truly a landmark, but solely to take away plaintiff's property without paying its fair value, or to assist the homeowners in obtaining plaintiff's property, or to assist the CARCC in negotiating with the plaintiff, which was all highly inappropriate and violate plaintiff's constitutional rights to equal protection and due process.

56.     The defendants' conduct was willful and intended to injure the plaintiff by constantly landmarking plaintiff's property after being told by the New York State appellate courts that the property was not to be landmarked.

9

57.    The defendants' conduct has caused the value of the plaintiff's property to be diminished, loss of income, the plaintiff to incur substantial legal fees; and to be otherwise damaged; and was all done to benefit the homeowners and the Town of North Hempstead and not for any legitimate reason.

58.    In or about October 2008, Manouchehr Malekan – on behalf of the plaintiff – met with Jon Kaiman, a supervisor of the Town North Hempstead, and Tom Dwyer, defendants herein, who advised Mr. Malekan that the plaintiff would never be permitted to make proper use of its properly so that plaintiff would donate it to the Town.

59.    The defendants have carried on a campaign to prevent the plaintiff from making proper use of the country club, have boycotted the country club, have put out flyers to harass the plaintiff (see, for example, Exhibit D), have brought persistent lawsuits against the country club, have sought to hold the managing member of the plaintiff in contempt, and to otherwise harass the plaintiff so as to benefit themselves and seek to coerce the plaintiff into donating or turning over its property to either the Town or to the homeowners without receiving fair value for it.

### AS AND FOR A FIRST CLAIM FOR RELIEF
### AGAINST ALL DEFENDANTS

60.    Through their outrageous conduct, the Town defendants, acting in collusion with the homeowner defendants and their association, have sought to and have deprived the plaintiff of enjoying full use of its property, have denied plaintiff equal protection and both substantive and procedural due process; and have caused the plaintiff economic harm.

61.    Because action was taken under the color of state law, plaintiff is permitted to commence this action pursuant to 42 U.S.C. 1983 *et seq.* and to recover actual as well as punitive damages, costs and attorneys fees from the defendants, jointly and severally.

### AS AND FOR A SECOND CLAIM FOR RELIEF
### DEFENDANTS THE CIVIC ASSOCIATION AT ROSLYN COUNTRY CLUB, INC.; JAMES BRANDT; BURTON ROSLYN; ROSLYN CONSULTANTS, LLC; SY BUCKNER; <u>ROBERT ROTHSTEIN; AND ANDREW ROTHSTEIN</u>

62.    Plaintiff repeats, reiterates and realleges each of the foregoing allegations with the same force and effect as if more fully set forth at length herein.

63.    For several years these defendants have carried on a campaign which is continuing to date to prevent the plaintiff from making use of the country club property.

64.    Defendants have organized a boycott of plaintiff's country club so that this year (2008) only three people offered to join as members; in 2007, twenty-four persons had done so.

65.    The defendants' conduct has caused the plaintiff great economic harm.

66.    The defendants' avowed purpose in seeking to landmark plaintiff's property on a continuous basis and to have its members boycott the country club and to have the club refuse admission to others, has been injurious the plaintiff.

67.    The defendants' conduct constitutes a tortious interference with the plaintiff's ownership of its country club.

68.    By reason of the defendants' willful conduct, which violates common decency, plaintiff is entitled to recover all of its damages, including punitive damages, from the defendants, jointly and severally.

### AS AND FOR A THIRD CLAIM FOR RELIEF
### DEFENDANTS THE CIVIC ASSOCIATION AT ROSLYN COUNTRY CLUB, INC.; JAMES BRANDT; BURTON ROSLYN; ROSLYN CONSULTANTS, LLC; SY BUCKNER; ROBERT ROTHSTEIN; AND ANDREW ROTHSTEIN

69.    Plaintiff repeats, reiterates and realleges each of the foregoing allegations with the same force and effect as if more fully set forth at length herein.

70.    These defendants have repeatedly sought to landmark plaintiff's property, aided and abetted by the Town and its officials, to have other homeowners not make use of the country club, and to drive the plaintiff out of business with the avowed intent of compelling plaintiff to turn over the country club to the homeowners association for less than fair value, or to compel plaintiff to turn it over to the Town for less than fair value so that these defendants and other homeowners could increase the value of their own homes by having, in essence, control and/or ownership of the country club at the plaintiff's expense.

71.    The conduct of the defendants was willful, deliberate and malicious, and intended to harm the plaintiff.

72.    Defendants' conduct constitutes an intentional tort.

73.    By reason of the foregoing, plaintiff has been damaged as aforesaid.

12

74. By reason of the foregoing, plaintiff is entitled to recover all of its damages from the defendants, including punitive damages, jointly and severally.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, for all damages properly recoverable in an action of this nature, all together with the costs and disbursements of this action.

JAROSLAWICZ & JAROS, LLC
Attorneys for Plaintiff
225 Broadway, 24th Floor
New York, New York 10007
(212) 227-2780

By: _____
    *David Jaroslawicz (DJ-6931)*

EXHIBIT A



**Town Board**
ROBERT TROIANO, JR.
THOMAS K. DWYER
ANGELO FERRARA
WAYNE WINK, JR.
ANTHONY D'URSO
FRED L. POLLACK

**Town Clerk**
MICHELLE SCHIMEL

**Receiver of Taxes**
ROCCO IANNAREILI

**Town of North Hempstead**

**Office of the Town Supervisor**

**Supervisor**
**JON KAIMAN**

TOWN HALL
220 PLANDOME ROAD
MANHASSET, NY 11030
(516) 869-77600
FAX (516) 627-4204

February 25, 2004

Dear Residents:

As you are probably aware the Town of North Hempstead has held several public hearings to discuss an application to designate the Roslyn Country Club as a Historic Landmark. The question of Landmark status of the clubhouse and the surrounding 10.5 acres will be, in all likelihood, voted on at the next Town Board Meeting on March 9th.

As your Supervisor and District Councilman we encourage you to express your opinions concerning this issue by sending us a letter at Town Hall, 220 Plandome Road, Manhasset, NY 11030, or by emailing us at dwyert@northhempstead.com.

We look forward to hearing from you in regard to this issue.

Sincerely,

Jon Kaiman
Supervisor

Thomas Dwyer
Town Councilman

EXHIBIT B



8 of 11 DOCUMENTS

Civic Association at Roslyn Country Club, Inc., Respondents, v. Levitt and Sons Incorporated et al., Defendants, and Nordic Leisure, Inc., et al., Appellants.

91-00697

SUPREME COURT OF NEW YORK, APPELLATE DIVISION, SECOND DEPARTMENT

*192 A.D.2d 500; 596 N.Y.S.2d 85; 1993 N.Y. App. Div. LEXIS 3438*

January 26, 1993, Argued
April 5, 1993, Decided

**PRIOR HISTORY:** [***1] In an action in which it was declared, *inter alia,* that (1) the individual plaintiffs, representing themselves and the other property owners in a development, had an easement to use the facilities of the Roslyn Country Club upon payment of $ 100 dues, and (2) the defendant Levitt and Sons Incorporated, the former owner of the Roslyn Country Club, and the defendant Henry Hermansen, the former lessee and operator of the Roslyn Country Club, and their successors, could apply, "from time to time, if so advised" for "an increase in the dues upon proof of their inadequacy" ( *Civic Assn. v Levitt & Sons, 7 AD2d 992, affd 7 NY2d 894*), Nordic Leisure, Inc., the present lessee and operator of the Roslyn Country Club, and the Estate of Robert Saligman, the present owner of the Roslyn Country Club, appeal from so much of an order of the Supreme Court, Nassau County (Marchese, J.H.O.), dated July 9, 1990, as denied their application for an increase in dues.

**COUNSEL:** Abraham Hecht, Forest Hills, N.Y. (Warren S. Hecht on the brief), for appellants.

Deutsch, Klagsbrun & Blasband, New York, N.Y. (Joseph Calderon of counsel), for respondents.

**JUDGES:** Thompson, J. P., Rosenblatt, Lawrence [***2] and Santucci, JJ., concur.

**OPINION**

[*500] [**86] Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, to determine the appropriate amount of the increase in dues.

In 1959, this Court held that the "individual plaintiffs have implied easements giving them a first choice to join the [Roslyn Country] club and to use its facilities upon payment of a reasonable fee", and determined that the membership fee of $ 100 was reasonable at that time. In addition to identifying the plaintiffs' easement, this Court permitted the owner and operator of the club to conduct catered affairs at the clubhouse for nonmembers "to such extent as does not impair the individual plaintiffs' easements" ( *Civic Assn. v Levitt & Sons, 7 AD2d 992, 993, affd 7 NY2d 894, supra*). Since the plaintiffs' easement for the use of the club's facilities exists separate and apart from the operation of the catering business, we find that [*501] the Supreme Court improperly considered income produced by the club's catering operation in determining whether dues paid by the resident members [***3] of the club were sufficient to cover costs and to provide a fair profit to the owner and operator of the club with respect to the operation of the recreational facilities. Membership dues in the amount of $ 100 are now inadequate to cover taxes, maintenance, and operating expenses, including rent and employee salaries, and a fair profit to the owner and operator of the club for the operation of the recreational facilities (*see, Civic Assn. v Levitt & Sons, 7 AD2d 992, 993, affd 7 NY2d 894, supra*). In view of the foregoing, the Supreme Court is, therefore, directed to determine the appropriate amount of the increase in dues.

Thompson, J. P., Rosenblatt, Lawrence and Santucci, JJ., concur.

EXHIBIT C

*2006 NY Slip Op 6078, \*; 32 A.D.3d 393, \*\*;*
*820 N.Y.S.2d 102, \*\*\*; 2006 N.Y. App. Div. LEXIS 9793*

[\*1] In the Matter of **Corona Realty** Holdings, LLC, Respondent, v Town of North Hempstead et al., Appellants.

2005-02853, (Index No. 7588/04)

SUPREME COURT OF NEW YORK, APPELLATE DIVISION, SECOND DEPARTMENT

2006 NY Slip Op 6078; 32 A.D.3d 393; 820 N.Y.S.2d 102; 2006 N.Y. App. Div. LEXIS 9793

**August 1, 2006**, Decided

**PRIOR HISTORY:**
*L.S.O.F. Cynwyd, L.P. v. Town of N. Hempstead*, 298 AD2d 520, 748 NYS2d 516, 2002 N.Y. App. Div. LEXIS 9927 (N.Y. App. Div. 2d Dep't, 2002)

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Appellant town appealed an order by the Nassau County Supreme Court (New York) that granted re━━━  ━  ━  ━ ) annul the town board's designation of the owner's propert

**OVERVIEW:** After four unsuccessful attem━━━  ━━━━  ntry club designated a historic landmark, the town b━━━  ━━━━  reservation commission's recommendation to approve━━━  ━━━━  ed the property as a landmark. Thereafter, the owner commer━━━  ━━━━  roceeding to annul the board's determination. The appellate cc━━━  ━━━━  ed to explain its reasons for arriving at a determination that━━━  ━━━ ━━━━━━ ermination denying landmark status. The board's determination to designate the property as a landmark was irrational because it was based upon the same facts that had previously been presented to it when the board rejected landmark status. Consequently, the trial court properly annulled the determination.

**OUTCOME:** The order was affirmed.

**LEXISNEXIS(R) HEADNOTES**
Administrative Law > Judicial Review > Standards of Review > Arbitrary & Capricious Review
Real Property Law > Zoning & Land Use > Historic Preservation
Real Property Law > Zoning & Land Use > Judicial Review
HN1⤓A landmark designation is an administrative determination that must be upheld if it has a reasonable basis in law and is not arbitrary and capricious.

Administrative Law > Judicial Review > Standards of Review > Arbitrary & Capricious Review
HN2⤓A determination of an administrative agency that neither adheres to its own prior precedent nor indicates its reason for reaching a different result on essentially the same facts is arbitrary and capricious.

Administrative Law > Judicial Review > Reviewability > Factual Determinations
Administrative Law > Judicial Review > Standards of Review > General Overview
HN3± An agency's failure to provide a valid and rational explanation for its departure from its prior precedent mandates a reversal, even though there may be substantial evidence in the record to otherwise support the determination.

**HEADNOTES**

Municipal Corporations--Landmarks.--Town Board's determination in 2004 to designate clubhouse and surrounding 10 acres as landmark was irrational because it was based upon same facts which were presented to Town Board in 1996 when Town Board rejected landmark status for property, and Town Board failed to offer any explanation for its failure to follow 1996 precedent.

**COUNSEL:** Richard S. Finkel, Town Attorney, Manhasset, N.Y., for appellants.

Certilman Balin Adler & Hyman, LLP, East Meadow, N.Y. (M. Allan Hyman and Candace Reid Gladston of counsel), for respondent.

**JUDGES:** ROBERT W. SCHMIDT, J.P., FRED T. SANTUCCI, DANIEL F. LUCIANO, JOSEPH COVELLO, JJ. SCHMIDT, J.P., SANTUCCI, LUCIANO and COVELLO, JJ., concur.

**OPINION**

[**393] [***102] In a proceeding, inter alia, pursuant to CPLR article 78 to review a determination of the Town Board of the Town of North Hempstead dated March 9, 2004, which accepted the recommendation of the Town of North Hempstead Historic Landmarks Preservation Commission and designated as a historic landmark the premises known [***103] as the Roslyn Country Club, the appeal is [**394] from an order of the Supreme Court, Nassau County (McCarty III, J.), dated January 10, 2005, which granted the petition and annulled the determination.

Ordered that on the court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed, with costs.

The instant appeal arises out of the fifth application to confer landmark status on the property known as the Roslyn Country Club. In 1992 the Landmark Preservation Commission of the Town of North Hempstead (hereinafter the Commission) denied an application to designate both the clubhouse and the surrounding 10 acres as a landmark. A second application, which requested landmark status just for the clubhouse building itself, was the approved by the Commission and the Town Board of the Town of North Hempstead (hereinafter the Town Board) in 1993; however, that determination was subsequently annulled by this Court, on the ground that the procedures of the Town's landmark preservation ordinance had not been properly followed (see Matter of Cynwyd Invs. v Town of N. Hempstead, 215 AD2d 755, 627 NYS2d 433 [1995]). In 1996 the Town Board denied another application to designate the clubhouse and the immediate 1.6 acres on which it stood as a landmark. In August [*2] 2000 the Town Board approved a new application to designate the entire 10-acre property as a landmark but the determination was subsequently annulled by this Court on the basis that the Town Board failed to indicate its reason for

reaching a different result in 2000, although the essential facts had remained unchanged between 1996 and 2000 (see *Matter of L.S.O.F. CYNWYD v Town of N. Hempstead*, 298 AD2d 520, 748 NYS2d 516 [2002]).

In 2003 yet another application was made for landmark status for the clubhouse and surrounding 10 acres and, on March 9, 2004, the Town Board accepted the Commission's recommendation to approve the application and designated the property as a landmark. Thereafter, the owner of the subject property commenced the instant proceeding pursuant to CPLR article 78 to annul the Town Board's determination. The Supreme Court granted the petition, finding that the Town Board had again failed to explain its reasons for arriving at a determination which was contrary to its 1996 determination denying landmark status.

*HN1*"[A] landmark designation is an administrative determination . . . that must be upheld if it has . . . a reasonable basis in law, and is not arbitrary and capricious" (see *Matter of Teachers Ins. & Annuity Assn. of Am. v City of New York*, 82 NY2d 35, 41, [**395] 623 NE2d 526, 603 NYS2d 399 [1993]; *Matter of L.S.O.F. CYNWYD v Town of N. Hempstead, supra; Matter of Canisius Coll. v City of Buffalo*, 217 AD2d 985, 985-986, 629 NYS2d 886 [1995]). *HN2*A determination of an administrative agency that neither adheres to its own prior precedent nor indicates its reason for reaching a different result on essentially the same facts is arbitrary and capricious (see *Matter of Charles A. Field Delivery Serv. [Roberts]*, 66 NY2d 516, 488 NE2d 1223, 498 NYS2d 111 [1985]; *Matter of Al Turi Landfill v New York State Dept. of Envtl. Conservation*, 289 AD2d 231, 735 NYS2d 61 [2001], *affd* 98 NY2d 758, 781 NE2d 892, 751 NYS2d 827 [2002]). *HN3*An agency's failure to provide a valid and rational explanation for its departure from its prior precedent "mandates a reversal, even though there may be substantial evidence in the record to otherwise support the determination" (*Matter of Al Turi* [***104] *Landfill v New York State Dept. of Envtl. Conservation, supra* at 233; see *Matter of Charles A. Field Delivery Serv. [Roberts], supra* at 520).

In this case, the Town Board's determination in 2004 to designate the clubhouse and the surrounding 10 acres as a landmark was irrational because it was based upon the same facts which were presented to the Town Board in 1996 when the Town Board rejected landmark status for the property, and the Town Board failed to offer any explanation for its failure to follow the 1996 precedent (see *Matter of Charles A. Field Delivery Serv. [Roberts], supra*).

In light of this holding, we need not consider the parties' remaining contentions. Schmidt, J.P., Santucci, Luciano and Covello, JJ., concur.

Source: Legal > / . . . / > NY State Cases, Combined 🔳
Terms: Name (corona realty) and date (aft 2005)   (Edit Search | Suggest Terms for My Search)
View: Full
Date/Time: Thursday, October 30, 2008 - 6:06 PM EDT

* Signal Legend:
● - Warning: Negative treatment is indicated
■ - Questioned: Validity questioned by citing refs
▲ - Caution: Possible negative treatment
◆ - Positive treatment is indicated
Ⓐ - Citing Refs. With Analysis Available
❶ - Citation information available
* Click on any *Shepard's* signal to *Shepardize®* that case.

Case 2:08-cv-04997-JSA Document 1 Filed 12/11/08 Page 22 of 25 PageID #: 22

 LexisNexis®

About LexisNexis | Terms & Conditions | Contact Us
Copyright © 2008 LexisNexis, a division of Reed Elsevier Inc. All rights
reserved.

# EXHIBIT D

**The Time is Now! Take Back Our Club!**

# SAVE THE DATE
# MONDAY, NOVEMBER 24TH - 7:45 PM
# WHEATLEY AUDITORIUM

**Help us to open the Roslyn Country Club so that we can swim in the pool and play tennis on our courts once again. Why is this important?**

- **For summer recreation, for socialization, for our property values!**

- **The club is a place to meet your neighbors and it is the centerpiece of our community.**

- **The owner has a legal obligation to open the club, but he refuses!**

**We must work together to reopen our club!**

**We are tying blue and green ribbons around the trees in our neighborhood to symbolize the pool and tennis that we are denied so long as our club is closed.  When you receive ribbon from a neighbor, join us by tying the ribbon around a tree in front of your house as a show of neighborhood unity.**

08 Civ.
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CORONA REALTY HOLDING, LLC,

          Plaintiff,

  -against-

TOWN OF NORTH HEMPSTEAD; JON KAIMAN;
THOMAS DWYER; ANTHONY D'URSO;
WAYNE WINK, JR.; ROBERT TROIANO, JR.;
THE CIVIC ASSOCIATION AT ROSLYN COUNTRY
CLUB, INC.; JAMES BRANDT; BURTON ROSLYN;
ROSLYN CONSULTANTS, LLC; SY BUCKNER;
ROBERT ROTHSTEIN; and ANDREW ROTHSTEIN,

          Defendants.

---

### Summons & Complaint
### Jury Trial Demanded

---

LAW OFFICES OF
JAROSLAWICZ & JAROS, LLC
225 BROADWAY, 24TH FLOOR
NEW YORK, NEW YORK 10007
(212) 227-2780